UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



CLIFFORD A. BROWN, III,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　ACTION NO: 2:16cv476

BIMBO FOODS BAKERIES
DISTRIBUTION, LLC, f/k/a BIMBO
FOODS BAKERIES DISTRIBUTION, INC.,
a/k/a BIMBO BAKERIES USA

and

BIMBO FOOD BAKERIES, SUCCESSOR
IN INTEREST TO GEORGE WESTON
BAKERIES DISTRIBUTION, INC.,

    Defendants.

## MEMORANDUM ORDER

This matter is before the court on the Plaintiff's Motion for Temporary Injunction ("Motion"), filed on August 4, 2016. ECF No. 3. On August 12, 2016, this court referred the Motion to United States Magistrate Judge Douglas E. Miller, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct necessary hearings, and to submit to the undersigned district judge proposed findings of fact and recommendations of law for the disposition of the Motion. ECF No. 8.

On August 19, 2016, the Defendant filed an "Opposition to Plaintiff's Motion for a Temporary Injunction" ("Opposition"). ECF No. 10. On the same day, the Defendant filed three declarations to accompany its Opposition. ECF Nos. 11, 12, 13. On August 24, 2016, the Plaintiff filed a "Reply to Defendant's Opposition to Plaintiff's Motion for a Temporary Injunction" ("Reply"). ECF No. 17. On August 25, 2016, the Plaintiff filed a correction to his Reply. ECF No. 18.

The Magistrate Judge conducted hearings on the Motion on August 29, 2016, and filed a Report and Recommendation ("R&R") on September 13, 2016. ECF No. 25. The Magistrate Judge recommended denying the Plaintiff's Motion. Id. at 2. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. See id. at 28. On September 27, 2017, the Plaintiff filed an "Objection to Magistrate Judge's Report and Recommendation" ("Objections"). ECF No. 28. The Defendant filed a Response to the Plaintiff's Objections ("Response") on October 11, 2016. ECF No. 30.

## I. LEGAL STANDARDS

### A. Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689–

2

90 (2008)). In considering a preliminary injunction, "courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" Id. (quoting Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987)). Furthermore, courts "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Id. (quoting Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982) (internal quotation marks omitted)). Overall, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20; see also Centro Tepeyac v. Montgomery Cty., 722 F.3d 184, 188 (4th Cir. 2013).

### B. Review of Magistrate Judge's R&R

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Plaintiff has specifically objected. Fed. R. Civ. P. 72(b). Objections must be "specific and particularized." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or

3

recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## II. PLAINTIFF'S OBJECTIONS

The Plaintiff lists five (5) objections to the R&R.[1] Before ruling on the R&R, the court will examine each in turn.

### Objection 1

The Plaintiff first objects that the Magistrate Judge's "strict application" of the Winter test will deny him his remedy under Pennsylvania law. Obj. at 6. The Plaintiff complains that his failure to satisfy Winter and obtain an injunction may jeopardize his ultimate recovery under Pennsylvania law. But the Plaintiff's failure to satisfy the Winter standard is not a reason to disregard it and award "an extraordinary remedy." Winter, 555 U.S. at 24. Courts do "not impose an injunction lightly." Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth., 771 F.3d 201, 207 (4th Cir. 2014).

Contrary to the Plaintiff's assertion, denial of his Motion does not mean that the court has "disregard[ed] Pennsylvania law." Obj. at 8; see R&R at 15 (reviewing the elements of breach of contract under Pennsylvania law). The Winter standard applies

---

[1] The Plaintiff's objections are not numbered, and many contain multiple subparts. The Plaintiff's objections essentially ask the court to review the entire matter as a whole. In the interest of clarity, the court has organized and numbered the Plaintiff's objections.

4

to requests for preliminary injunctions, even under state substantive law.

In the same section of his first objection, the Plaintiff includes a related objection that he describes as a second objection: The R&R "sets the bar so incredibly high that plaintiffs in this [c]ourt would rarely, if ever, be entitled to injunctive relief." Id. at 10. But preliminary injunctions are intended to be a rare, extraordinary remedy. See Winter, 555 U.S. at 24; Cantley, 771 F.3d at 207. The Magistrate Judge applied the Winter test correctly.

The Plaintiff further argues that he is entitled to an injunction even in the face of a substantial factual dispute between the parties, because "there will always be 'factual' disputes in lawsuits." Obj. at 10. Here, the existence of unresolved factual disputes that go to the very core of the Plaintiff's claim means that he has not made a clear showing that he is likely to prevail on the merits. See W.A.K. ex rel. Karo v. Wachovia Bank, N.A., 2009 WL 3669721 at *5 (E.D. Va. Nov. 4, 2009) (stating that "[u]ntil certain factual disputes are resolved, the [c]ourt has no basis to determine the likelihood of success on the merits"). Because so many essential facts are in dispute, the Plaintiff has not shown that he is likely to prevail on the merits under Pennsylvania law.

These objections are **OVERRULED**.

5

## OBJECTION 2

The Plaintiff next objects to the Magistrate Judge's determination that the Plaintiff has not made a clear showing that he is likely to succeed on the merits.[2]

First, the Plaintiff objects that the Magistrate Judge failed to consider specific performance. Obj. at 11. This is essentially a recharacterization of the Plaintiff's first objection. The Winter standard is neither abrogated nor loosened because the Plaintiff seeks an equitable remedy, not a legal one. The Plaintiff's claim is for breach of contract; specific performance is merely the remedy he seeks. See Geisinger Clinic v. Di Cuccio, 606 A.2d 509, 521 (Pa. Super. Ct. 1992) (stating that specific performance "is an equitable remedy" in breach of contract cases); Lackner v. Glosser, 892 A.2d 21, 31 (Pa. Super. Ct. 2006) (stating that specific performance is granted only "where justice requires it") (quoting Clark v. Pa. State Police, 436 A.2d 1383, 1385 (Pa. 1981)).

Second, the Plaintiff objects that the Magistrate Judge did not find that the Distribution Agreement failed to define fraud. Obj. at 12. The Plaintiff presents no reason that such a finding

---

[2] Again, the Plaintiff's objections are not numbered, but he states eight objections to the R&R's determination that he has not made a clear showing that he is likely to succeed on the merits. Each objection is addressed in turn.

6

was necessary.[3] Moreover, the substance of this objection indicates that the Plaintiff actually takes issue with the fact that the Defendant allegedly "changed its position on what constitutes fraud" when it initially terminated the Plaintiff's contract for failure to deliver product to stores, but later claimed that the Plaintiff committed fraud when he failed to use the "buyback" feature. Id. The Plaintiff's objection is misplaced; in both instances the Defendant complains that the Plaintiff's employee stored product in his residence.

Third, the Plaintiff objects that the Magistrate Judge improperly credited a particular witness's testimony, and not "facts." Id. at 12-13. He argues that mere testimony from the Defendant's witnesses does not create a factual dispute when it contradicts the Plaintiff's Complaint, and various unidentified "[a]ffidavits and live testimony." Id. at 13. To state this argument is to refute it. The existence of contradictory evidence is the very essence of a factual dispute. Furthermore, the Plaintiff either mischaracterizes the Magistrate Judge's findings or misunderstands the testimony of the Defendant's

---

[3] Under Pennsylvania law, a plaintiff alleging fraud must allege 1) a representation, 2) which is material to the transaction, 3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false, 4) with the intent to mislead another into reliance, 5) justifiable reliance on the misrepresentation, and 6) the resulting injury was proximately caused by the reliance. See, e.g., Kit v. Mitchell, 771 A.2d 814, 819 (Pa. Super. Ct. 2001).

witness. The R&R explains that the witness testified that he "did not believe Farm Fresh's change from a [buy one get one sale] to 50% off sale . . . explain[ed] [the Plaintiff's employee's] decision to remove 75% of his order," not that the Plaintiff's employee himself lacked such a belief. R&R at 17.

Fourth, the Plaintiff objects to the Magistrate Judge's introduction of extrinsic evidence to define the term "fraud." Obj. at 13. The R&R, however, explicitly declined to determine whether fraud occurred. It stated that it "need not – and does not – now decide whether Griffin's actions actually constituted fraud," because "the existence of such a substantial factual dispute on this question" makes it clear that the Plaintiff has not shown a likelihood of success on the merits. R&R at 18.

Fifth, the Plaintiff objects to the Magistrate Judge's failure to consider the software errors in the Defendant's handheld computers. Obj. at 14. The Plaintiff argues that because the Defendant's software was defective, his employee's actions maintained the integrity of the inventory and could not have constituted fraud. Id. at 15. The Defendant, by contrast, argues that the employee's actions were "improper and fraudulent activity," Opp. at 10, and submitted multiple declarations from employees, ECF Nos. 11, 12, which stated that the Plaintiff's actions constitute fraud. Despite the Plaintiff's protests, this

8

demonstrates the existence of a factual dispute, showing that the Plaintiff has failed to meet the Winter standard.

The Plaintiff's sixth and seventh objections challenge the Magistrate Judge's conclusion that there is a dispute as to whether Griffin's conduct constituted fraud. Obj. at 15-17. The Plaintiff claims that his employee's conduct did not constitute fraud, in part because the Plaintiff owned the product at all relevant times, id. at 15-16, and in part because the Defendant was not contractually obligated to pay the Plaintiff until a customer scanned the product to purchase it from a retailor, id. at 17. The Defendant argues that the Plaintiff was warned that this type of conduct constituted fraud, Opp. at 7; ECF Nos. 11, 12, and that the Plaintiff's theory "ignores the actual financial workings of the business," Resp. at 10. As this court has described elsewhere, such disagreement is indeed a factual dispute.

Eighth, the Defendant objects that the Defendant is selectively enforcing its right to terminate its Distribution Agreements. Obj. at 17-18. The Plaintiff claims that at "least one other distributor was not terminated" for leaving "product on the loading dock" of a store. Id. at 18. But here, Griffin did not leave product on a loading dock, he took it to his residence. The Plaintiff declines to explain how this fact increases the likelihood of his success on the merits. That a

9

different distributor in a different state was not terminated after engaging in different conduct is of no help to the Plaintiff's case.

These objections are **OVERRULED**.

### Objection 3

First, the Plaintiff objects to the Magistrate Judge's determination that he failed to make a showing of irreparable harm, as required by Winter.[4]

The Plaintiff first objects that "[t]he Report and Recommendation failed to focus on Pennsylvania law." Id. He argues, without explanation, analysis, or a single citation to Pennsylvania law, that "the [c]ourt should enter the substantive law of Pennsylvania in to the calculus." Id. But this court, and the Magistrate Judge, have properly acknowledged Pennsylvania law. Even where Pennsylvania substantive law applies, the Winter standard must be met for this court to issue a preliminary injunction. The standard is not met here.

Second, the Plaintiff objects to the Magistrate Judge's determination that both parties have an interest in preserving

---

[4] Here, the Plaintiff states five objections to the R&R's determination that he has not made a clear showing that he will suffer irreparable harm absent an injunction. Each objection is addressed in turn.

goodwill.[5] Id. It is true that loss of goodwill can satisfy the irreparable injury requirement, but the Plaintiff's argument that the Defendant risks no loss of goodwill is unavailing. The Defendant has a significant interest in ensuring routes are properly serviced. After all, it has a substantial interest in selling its products and maintaining relationships with retailers. The Magistrate Judge rightly concluded that the Plaintiff's bare assertion that he faces a loss of goodwill does not satisfy the legal standard.

Third, the Plaintiff objects that the Magistrate Judge erred in distinguishing loss of goodwill in the cable television business, found to be irreparable harm in Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co., 22 F.3d 546 (4th Cir. 1994) (abrogated on other grounds by Winter, 555 U.S. 7), from the loss of goodwill in this case. The Plaintiff objects to the Magistrate Judge's finding, because distinguishing "cable customers from bakery customers places a burden on Plaintiff that is too high." Obj. at 20. The court again declines the Plaintiff's invitation to depart from well-settled precedent in order to provide him an injunction. The reasoning articulated in Multi-Channel is inapplicable here. The

---

[5] The Plaintiff quotes the R&R and includes a citation to page 36 of the 28-page R&R. The quote appears to come from page 20 of the R&R.

Plaintiff's lament that "[w]ho's to say once a customer tries a competing muffin if that customer will return to buy Little Bites?," id. at 20, does not show that this court's failure to issue a preliminary injunction "creates the possibility of permanent loss of customers to a competitor or the loss of goodwill." Multi-Channel, 22 F.3d at 552.

The Plaintiff's fourth and fifth objections assert that the Magistrate Judge was wrong to accept the Defendant's valuation formula, and wrong to conclude that legal remedies are insufficient because any damages that the Defendant might be liable for excludes, per the Distribution Agreement, consequential, incidental, indirect, or special damages. Obj. at 21-22. This is immaterial. The Plaintiff can calculate the value of his routes, and any change in profitability of the routes in the future can be tracked. The Plaintiff's disagreement with the Defendant's valuation formula does not render it legally inadequate.

These objections are **OVERRULED**.

### Objection 4

The Plaintiff agrees that the equities weigh in his favor, and argues that because he has satisfied the other Winter prongs, the equities entitle him to an injunction. Id. at 22. Here, the Plaintiff merely presents an unadorned disagreement with the Magistrate Judge's legal conclusion. Because the court

finds that the Plaintiff has failed to satisfy the first two <u>Winter</u> prongs, it further concludes that the equities do not warrant an injunction.

This objection is **OVERRULED**.

### Objection 5

The Plaintiff objects to the Magistrate Judge's determination that the public interest in this case does not strongly favor granting or denying injunctive relief. <u>Id.</u> at 22-23. He argues that the Defendant "considers him to be a franchisee" under Virginia state law, <u>id.</u> at 22, and that this designation creates an obligation to deal with franchisees fairly that this court must enforce by way of an injunction, <u>id.</u> at 23. The Plaintiff's mere allegation that the Defendant's underlying conduct was contrary to a possibly-relevant state law does not demonstrate that an injunction is in the public interest. The public has a similarly important interest in ensuring enforcement of valid contracts and combatting fraud. The substantial factual disputes in this matter mean that the public interest cannot strongly favor granting or denying injunctive relief.

This objection is **OVERRULED**.

13

## V. Conclusion

This court, having examined the Objections to the Magistrate Judge's R&R, and having made <u>de novo</u> findings with respect thereto, **OVERRULES** the Plaintiff's Objections, does hereby **ADOPT** and **APPROVE** in full the findings and recommendations set forth in the R&R of the United States Magistrate Judge filed on September 13, 2016. ECF No. 25. Accordingly, the court **DENIES** the Plaintiff's Motion for a temporary injunction filed on August 4, 2016. ECF No. 3. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

November 4, 2016