UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CLIFFORD A. BROWN, III,

     Plaintiff,

    v.                      ACTION NO: 2:16cv476

BIMBO FOODS BAKERIES
DISTRIBUTION, LLC, f/k/a BIMBO
FOODS BAKERIES DISTRIBUTION, INC.,
a/k/a BIMBO BAKERIES USA

and

BIMBO FOOD BAKERIES, SUCCESSOR
IN INTEREST TO GEORGE WESTON
BAKERIES DISTRIBUTION, INC.,

     Defendants.

## MEMORANDUM ORDER

This matter is before the court on the Defendant's Motion to Dismiss Count I of the Complaint for Failure to State a Claim ("Motion"), filed on August 23, 2016. ECF No. 15. On the same day, the Defendant also filed an accompanying Memorandum in Support. ECF No. 16. On September 9, 2016, the Plaintiff filed an Opposition to Defendant's Motion to Dismiss Count I of the Complaint. ECF No. 21. On September 12, 2016, the Defendant filed a Rebuttal to Plaintiff Clifford A. Brown, III's Opposition to Defendant's Motion to Dismiss Count I of the Complaint. ECF No. 24.

On September 16, 2016, this court referred the Motion to United States Magistrate Judge Douglas E. Miller, pursuant to the provisions of 29 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct necessary hearings, and to submit to the undersigned district judge proposed findings of fact and recommendations of law for the disposition of the Motion. ECF No. 26. The Magistrate Judge filed a Report and Recommendation ("R&R") on October 4, 2016. ECF No. 29. The Magistrate Judge recommended denying the Defendant's Motion. Id. at 2. On October 18, 2016, the Defendant filed its Objections to Magistrate Judge's Report and Recommendation Denying Defendant's Motion to Dismiss. ECF No. 31.

### I. LEGAL STANDARDS

### A. Motion to Dismiss

Pursuant to Rule 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests only the sufficiency of a complaint; it does not resolve contests regarding the facts of the case, the merits of a claim, or the applicability of any defense. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

2

556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. See, e.g., Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). After doing so, the court should not grant the defendant's Motion if the plaintiff "demonstrate[s] more than 'a sheer possibility'" that the defendant has violated his rights, by "articulat[ing] facts, when accepted as true, that 'show' that the plaintiff has stated

3

a claim entitling him to relief." <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009) (quoting <u>Iqbal</u>, 556 U.S. at 677-78).

### B. Review of Magistrate Judge's R&R

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a <u>de novo</u> determination of those portions of the R&R to which the Plaintiff has specifically objected. Fed. R. Civ. P. 72(b). Objections must be "specific and particularized." <u>United States v. Midgette</u>, 478 F.3d 616, 621 (4th Cir. 2007). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

### II. ANALYSIS

### A. First Objection

The Defendant first objects to the Magistrate Judge's conclusion that the Plaintiff's claim for specific performance should not be denied on the basis that it was framed as a separate count in the pleadings. Obj. at 5-6. However, the Defendant cites no case where a court applying Pennsylvania law has dismissed a claim for specific performance on the grounds that no such claim exists, because specific performance is a remedy, not a cause of action. <u>See</u> <u>id.</u> The Defendant argues that

4

specific performance is "an equitable remedy for breach of contract, not a distinct cause of action." Id. However, the R&R is still correct to conclude that Pennsylvania "courts do not dismiss actions for specific performance simply because they have been pled as stand-alone claims." R&R at 10. Recently, a state court went so far as to sever a claim for specific performance from a claim for damages. Oliver v. Ball, 136 A.3d 162, 164 (Pa. Super. Ct. 2016). The claim for specific performance went to trial, while the claim for damages did not. Id. In another context, a state court acknowledged the existence of "an action for specific performance," and outlined the elements of such a claim. Boyd & Mahoney v. Chevron U.S.A., 614 A.2d 1191, 1194 (Pa. Super. Ct. 1992). A party must show the existence of a valid agreement, that the agreement has been violated, and that there is not an adequate remedy at law. Id. In considering a claim for specific performance, a federal court applying Pennsylvania law considered a pleading that "alleges a claim for specific performance." TruePosition, Inc. v. LM Ericsson Telephone Co., 977 F.Supp.2d 462, 472 (E.D. Pa. 2013). Though the court ultimately found that the allegation "fails to state a claim for specific performance," it did so only because it held that there was no agreement between the parties, not because it determined that a standalone claim for specific performance must be dismissed. Id. Here, the Defendant suggests

5

that the court in TruePosition had dismissed the "specific performance remedy when there was no alleged contract to be breached." Obj. at 6. But in reality, the court characterized specific performance as a claim, not a remedy. TruePosition, 977 F.Supp.2d at 472.

The Defendant also objects to the R&R to the extent that it "abrogates or reduces the Plaintiff's burden to demonstrate a breach of contract." Obj. at 6. However, the Defendant fails to identify precisely to what in the R&R it objects. Moreover, this objection fails to acknowledge that the viability of the Plaintiff's claim for specific performance is unrelated to a breach of contract claim, except insofar as the elements of the claims overlap.

The Defendant's first objection is **OVERRULED**.

### B. Second Objection

The Defendant's second objection is to the Magistrate Judge's conclusion that the Plaintiff has pled facts which plausibly allege that he will be unable to obtain an adequate remedy at law. Obj. at 6. The Defendant argues that sales of baked goods can be quantified, id. at 7, and that it would not be difficult for the Plaintiff to ascertain his legal damages. Id. at 8.

Here, the Plaintiff has met his burden to plead facts sufficient to show that it is plausible that he does not have an

6

adequate remedy at law. The Plaintiff alleges that the Defendant's termination of the Distribution Agreement deprives him of a unique asset, the opportunity to expand his existing routes and add new routes, and the chance to sell his routes in the time and manner of his choosing. Verified Complaint ¶¶ 132, 139. The Plaintiff has developed relationships with his customers, and alleges that the forced sale of his routes by the Defendant "will not garner the appropriate fair value of the business." Id. at ¶¶ 9, 140. More importantly, the Plaintiff's routes are, as a matter of fact, unique. His routes alone service a particular set of customers, with whom he has a relationship. Other routes exist, to be sure, but none are exactly like the Plaintiff's.

In support of its objection, the Defendant argues that the Plaintiff's allegation "that his routes have an ascertainable value demonstrates that" they are not unique. Obj. at 8. This conclusion defies logic. A unique asset can have an ascertainable value, and the Defendant offers no reason to believe otherwise. Furthermore, that the routes have an ascertainable value does not negate an equitable remedy of specific performance or injunctive relief.[1]

---

[1] While the court denied the Plaintiff's Motion for a temporary restraining order, if the Plaintiff ultimately prevails, he could be entitled to both damages for lost revenue and profits, as well as prospective equitable relief.

The Defendant also claims that the "Magistrate Judge's conclusion that Plaintiff has sufficiently alleged an inadequate remedy at law focuses on Plaintiff's alleged loss of opportunities to expand his business." Id. The Defendant argues that the Magistrate Judge relies on Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153 (3d Cir. 1999), which is inapplicable because it involved a party's loss of a planned merger, while here the Plaintiff cannot identify a single lost future business opportunity. Obj. at 8. The Defendant misstates the Magistrate Judge's findings. The Magistrate Judge did not find that the Plaintiff lacks an adequate remedy at law merely because he has lost future business opportunities. Instead, the R&R observes that "the alleged breach in this case was of an existing business relationship." R&R at 18. Therefore, in evaluating the Plaintiff's assets, the Magistrate Judge did not only consider the Plaintiff's future business opportunities, but also his past losses from his existing business relationships. See R&R at 18-22 (analyzing both the Plaintiff's existing business and extra-contractual opportunities).[2]

The Defendant's second objection is **OVERRULED**.

---

[2] See supra note 1.

### III. CONCLUSION

This court, having examined the Objections to the Magistrate Judge's R&R, and having made de novo findings with respect thereto, **OVERRULES** the Defendant's Objections and hereby **ADOPTS** and **APPROVES** in full the findings of fact and recommendations set forth in the R&R of the United States Magistrate Judge filed on October 4, 2016. ECF No. 29. Accordingly, the court **DENIES** the Defendant's Motion to Dismiss filed on August 23, 2016. ECF No. 15. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

November 18 , 2016